UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────────────

In re:

KATHLEEN ANNE DOHERTY,                    CASE NO. 06-22278


In re:

CATHY A. BENEDETTI,                       CASE NO. 07-21620


                           Debtors.       DECISION & ORDER

────────────────────────────────────────


## BACKGROUND

On November 21, 2006, Kathleen Anne Doherty ("Doherty") filed a petition initiating a Chapter 7 Case, and Douglas J. Lustig, Esq. was thereafter appointed as her Chapter 7 Trustee (the "Trustee"). Through its authorized agent, Roundup Funding, LLC ("Roundup") filed two unsecured proofs of claim in the Doherty's Chapter 7 Case, as follows: (1) claim #7 ("Doherty Claim 7"), in the amount of nine hundred sixty seven dollars 91/100 ($967.91), alleged to be a claim purchased by Roundup, that was originally held by Household Bank; and (2) claim #8 ("Doherty Claim #8"), in the amount of two thousand one hundred seventy nine dollars 35/100 ($2,179.35), alleged to be a claim purchased by Roundup, that was originally held by Providian Bank.

**BK. 06-22278 and 07-21620**

On June 25, 2007, Cathy A. Benedetti ("Benedetti") filed a petition initiating a Chapter 7 Case, and Douglas J. Lustig, Esq. was thereafter also appointed as her Chapter 7 Trustee. Through its authorized agent, Roundup filed an unsecured proof of claim in the Benedetti Chapter 7 Case, as follows: claim #7 ("Benedetti Claim #7"), in the amount of ten thousand two hundred fifty one dollars 01/00 ($10,251.01) alleged to be a claim purchased by Roundup, that was originally held by Fleet/Bank of America.

The Trustee objected on various grounds to the claims filed by Roundup in both the Doherty and Benedetti cases (collectively, the "Objections"), including that: (1) Roundup was not scheduled as a creditor; (2) although the Debtors had scheduled the creditors that Roundup alleged originally held the claims, there was no breakdown in the proofs of claim to support the amounts alleged to be due, which differed from the amounts the debtors had scheduled; and (3) there was no assignment or bill of sale produced to demonstrate that Roundup was the current holder of any of the claims that were alleged to have been sold and assigned to it.

Roundup interposed opposition to the Objections, and in various submissions cited the decisions of a number of Bankruptcy Courts that had allowed similar claims after having analyzed in detail the various provisions of Sections 501 and 502 and Rule

3001, including *In re Kirkland*, 379 B.R. 341 (B.A.P. 10th Cir. 2007).

Thereafter, the Trustee provided the Court with the decisions of a number of other Bankruptcy Courts that had determined that the failure to provide an assignment, bill of sale or other proof of ownership of the claim was a valid basis for the disallowance of a proof of claim filed by an alleged purchaser of the claim, including the decision of the Bankruptcy Appellate Panel for the First Circuit in *In re Melillo*, 392 B.R. 1 (B.A.P. 1st Cir. 2008) ("Melillo").

## DISCUSSION

After a series of hearings on the Objections, the fundamental objection asserted by the Trustee, which is the only objection that this Court will address in this Decision & Order, is that Roundup had failed to provide sufficient proof that is was the owner of the claims in question, even though it was afforded a number of opportunities to provide such proof.

As the Trustee stated at the hearings, he and other trustees in the bankruptcy system have a fiduciary duty to insure that, if they pay a claim, they are paying the proper claimant, and in the absence of satisfactory proof of ownership by an alleged purchaser

Case 2-06-22278-JCN   Doc 48   Filed 02/23/09   Entered 02/23/09 15:47:31   Desc Main
Document     Page 3 of 5

or transferee, the Trustees cannot have the necessary assurance that they are properly fulfilling their fiduciary duty.

This Court fully agrees with the analysis and conclusions of the Bankruptcy Appellate Panel in *Melillo*. In the absence of sufficient proof of the ownership of a claim, whether it be by a purchaser, transferee or successor-in-interest, that proof of claim can and must be disallowed.

Roundup has failed to produce a chain of title from the alleged original holders of the claims to Roundup by either a series of assignments or bills of sale, or by any other acceptable proof of ownership.[1] As a result, its claims must be disallowed, since there is no proof that it is a proper creditor entitled to file a proof of claim under Section 501.

One of the arguments often made by transferee creditors in these allowance of claim cases, is that the Court can be assured that the transferee creditor is the proper party entitled to file a proof of claim, because the proof of claim was completed and filed under penalty of perjury. This Court finds it difficult to understand how an individual could file a proof of claim under penalty of perjury where the claim has been purchased or otherwise

---

[1] This Court has accepted a sworn Affidavit by an officer of the original holder that the claim was sold to the entity filing the proof of claim.

**Page 4**

**BK. 06-22278 and 07-21620**

assigned, without having seen or knowing that they could produce
the documents that demonstrate ownership.

## CONCLUSION

Doherty Claim #7, Doherty Claim #8 and Benedetti Claim #7 are
disallowed for the foregoing reasons.

**IT IS SO ORDERED.**

_____/s/_____
HON. JOHN C. NINFO, II
U.S. BANKRUPTCY JUDGE

**Dated: February 23, 2009**

**Page 5**